## Frederick v. City of Butler

*Lee McCandless,* for plaintiffs.
*Martin O'Brien,* for defendant.

CHERRY, *Sr. Judge,* 46th Judicial District, Specially Presiding, February 26, 1976—Plaintiffs are policemen-pensioners for the City of Butler (the sole exception being Katheryn Price, the widow of a pensioned policeman). They have been under pension for a minimum of nine years and upwards of 32

years, respectively. They now have sued in equity, asking that the court reform the pension agreement upon the basis that because of a great change in circumstances resulting from inflation, they are not being accorded their rights, particularly under article I, sec. 1, and article III, sec. 26. of the Pennsylvania Constitution. Variously, they have asserted alleged basis for the court's action in this matter; but, most regretfully, we must deny the power and authority of the court to interfere with the contractual obligations created by both State and city legislative enactments and ordinance.

We fully recognize the serious situation in which most pensioners find themselves because of spiraling wages and costs of living which have left their pensions pretty much in the wake. However, no matter the sympathies or the desires that this court may have in the situation, the equity courts cannot reform the city ordinance which is the foundation for the pensions allotted to each of plaintiffs. As declared in the case of Shapp, Governor, v. Butera, Minority Leader, 22 Pa. Commonwealth Ct. 229 348 A. 2d 910, 914 (1975):

"The legislative branch of government creates laws, and the judicial branch interprets them."

As also held by the court in Armstrong School District v. Armstrong Education Association, 5 Pa. Commonwealth Ct. 387, 291 A. 2d 125 (1972) :

"The need for an equitable result, however, is not of itself and standing alone a proper ground on which equity jurisdiction can be claimed."

The equity courts can exercise only those equitable powers which have been specifically given to them by the legislature: Commonwealth v. Ryan, 459 Pa. 248, 327 A. 2d 351, 354 (1974).

We have found no statute granting right to our equity courts to reform this city ordinance. The rights of these plaintiffs in the police pension fund were established by City Ordinance No. 206, adopted May 21, 1925, and there is no basis upon which we may reform or interfere with the contractual obligations thus created between them and the city. The argument of plaintiffs that we may disregard the mandates of the law on the basis that there has been a "failure to perform the purpose that the city as a government was required to perform" is without merit. Nor is there any basis for declaring that the council has abused its discretion in refusing to reform the contract so as to increase the amounts of the pensions. This allegation and that of mistake, broadly averred without supportive facts, cannot be sustained. Therefore, we enter the following

### DECREE NISI

And now, February 26, 1976, preliminary objections raising questions of jurisdiction are sustained and the complaint is dismissed. Unless exceptions are filed hereto within 20 days, this decree shall become absolute.

Costs shall be paid by the City of Butler.